IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADAM AYAU TOM, ROXANNE A.L. DETOL, PHILLIP LARENCE DETOL,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK N.A., PETER T. STONE,<br><br>Defendants. | Civ. No. 19-00545 JMS-KJM<br><br>ORDER (1) GRANTING DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS, ECF NO. 13; AND (2) APPROVING PLAINTIFFS' RULE 41(a)(1)(A)(i) NOTICE TO DISMISS DEFENDANT STONE, ECF NO. 17 |

**ORDER GRANTING DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS, ECF NO. 13; AND (2) APPROVING PLAINTIFFS' RULE 41(a)(1)(A)(i) NOTICE TO DISMISS DEFENDANT STONE, ECF NO. 17**

## I.  INTRODUCTION

Plaintiffs Adam Ayau Tom, Roxanne A.L. Detol, and Phillip Larence

Detol ("Plaintiffs"),[1] proceeding pro se, filed this action after Hawaii's appellate

courts rejected the Detols' challenges to a prior state court foreclosure action

___

[1] The Complaint and Plaintiffs' other relevant documents were originally filed and signed only by Plaintiff Tom.  But Tom may not represent other Plaintiffs while appearing pro se. *See Simon v. Hartfield Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities.") (citation omitted).  On February 28, 2020, however, all Plaintiffs signed errata copies of the Complaint, First Amended Complaint, Plaintiffs' response to the instant Motion, and a notice of dismissal of Defendant Peter T. Stone.  *See* ECF No. 19. Accordingly, in this order the court refers to the errata copies of those documents.  The court refers to Plaintiffs Roxanne Detol and Phillip Detol collectively as "the Detols."

brought against them by Defendant Wells Fargo Bank N.A.[2]  In substance,

Plaintiffs' First Amended Complaint ("FAC") alleges that:

> In 12 YEARS (2007-2019) WELLS FARGO BANK
> N.A. HAS NOT SHOWN THAT IT HOLDS THE
> TITLE OR NOTE TO SAID PROPERTY (45-620
> PUULUNA PL. KANEOHE HAWAII, 96744)
> PROVING OR DISPROVING IT (WELLS FARGO
> BANK N.A.) HAS THE LEGAL RIGHT TO TAKE
> ACTION ON SAID PROPERTY AND THE DETOL
> FAMILY.

ECF No. 21 at PageID #195.[3]

Wells Fargo moves to dismiss the FAC, primarily arguing that the

action is barred by res judicata/claim preclusion and the *Rooker-Feldman* doctrine

---

[2] Wells Fargo explains that its proper designation is "Wells Fargo Bank, National Association, as Trustee Under Pooling and Servicing Agreement Dated as of June 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR2 Mortgage Pass-Through Certificates, Series 2006-FR2."  ECF No. 13-1 at PageID #56.  For present purposes, the court refers to this Defendant simply as "Wells Fargo."

[3] Although the FAC superseded the original Complaint, the original Complaint likewise stated that:

> WELLS FARGO BANK N.A HAS FORECLOSED ON OUR HOUSE WITH
> OUT PROOF OF TITLE AS WELL AS THE STATUTES OF LIMITATIION
> (sic) RUNNING OUT 6 YEARS PRIOR TO THE SUBSEQUENT
> FORECLOSURE AND POSSIBLE SALE OF SAID PROPERTY (45-620
> PUULUNA PL KANEOHE, HAWAII 96744).

ECF No. 20 at PageID #188.

because of prior final state court proceedings.[4] ECF No. 13. Based on the following, the court GRANTS Wells Fargo's Motion.

## II. **BACKGROUND**

### A. **Factual Background**

The FAC states that "I (Adam Tom) am amending my original complaint against Wells [Fargo] Bank N.A. and Peter T. Stone . . . to include legal federal statutes and US Codes not listed in the original complaint." ECF No. 21 at PageId #193. It then simply lists portions of unrelated statutes or regulations[5] with no factual allegations of how they apply to Defendants, and alleges—as quoted in full above—that Wells Fargo has not shown that it holds title or the note to the subject property (45-620 Puuluna Place, Kaneohe, Hawaii, 96744) or that it has the legal right to take action against the property and the Detol family. *Id.* at PageID #196. Plaintiffs seek damages of "[$]665,000.00 + monetary damages of 2[]

---

[4] The Complaint also named attorney Peter T. Stone as a Defendant, and his name remains in the caption of the FAC. On February 24, 2020, however, Plaintiffs filed a document titled "Dismissle (sic) of Defendant Peter T. Stone," ECF No. 23 at PageID #201, in which they "ask that this court to please dismiss [our] complaint against [Stone] but keep in place [our] complaint against Wells Fargo Bank, N.A." *Id.* at PageID #202. Because Stone has not appeared in the action, the court construes this document as a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). To the extent necessary, the court approves the Notice and Stone is DISMISSED from this action.

[5] The FAC lists portions of the Commodities Exchange Act, 7 U.S.C. § 25(a); 28 U.S.C § 1732, regarding admission of business records; and the Truth in Lending Act ("TILA"), 12 U.S.C. § 2605, regarding servicing of mortgage loans; as well as miscellaneous sections of regulations promulgated under TILA or the Real Estate Settlement Procedures Act ("RESPA").

million dollars a year for 12 year to 24 million dollars to include all legal fees." *Id.* at PageID #197.

Plaintiffs' Opposition explains that "[o]ur complaint is that the bank failed to follow federal banking codes, rules and statutes," ECF No. 22 at PageID #197 (uppercase emphasis deleted), and argues that "Wells Fargo Bank N.A. could have settle (sic) this issue back in 2006 and again in 2010 by producing the documents including the original sign and dated [approved] contract and all the [paper] work or documents that came with a signed contract loan agreement." *Id.* at PageID #200 (uppercase emphasis deleted).

Despite the FAC's lack of detail, however, much of the relevant background is readily apparent from matters of public record in Hawaii's Bureau of Conveyances and in public state court orders and decisions.[6]

On November 22, 2005, the Detols borrowed $562,500.00 from Fremont Investment & Loan, secured by a mortgage on the subject property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). *See* ECF No. 13-3 at PageID #83. The mortgage was recorded in the Bureau of Conveyances on

---

[6] *See, e.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of undisputed matters of public record . . . , including documents on file in federal or state courts.") (citations omitted); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *Kawelo v. Nationstar Mortg. LLC*, 2018 WL 4354295 at *1 n.1 (D. Haw. Sept. 12, 2018) (taking judicial notice of Bureau of Conveyance documents).

November 30, 2005. *Id.* at PageID #82. MERS assigned the mortgage to Wells Fargo on September 11, 2008, as reflected in an assignment of mortgage and in an amended assignment dated May 28, 2010, both of which are recorded in the Bureau of Conveyances. *See* ECF No. 13-4 at PageID #103, 107. Plaintiff Tom is not listed as a borrower or as a party to the mortgage, and the FAC does not allege any connection he may have to the mortgage.

On February 11, 2015, Wells Fargo filed a complaint for foreclosure in the Circuit Court for the First Circuit, State of Hawaii. *See* ECF No. 13-5 at PageID #113. Robin Horner and/or Gary Dubin represented the Detols in that proceeding; Peter Stone represented Wells Fargo. *See id.* at PageID #113, 115. On October 4, 2016, the state circuit court granted Wells Fargo's foreclosure motion, and issued an interlocutory decree of foreclosure and foreclosure judgment. *See* ECF Nos. 13-6 & 13-7. After reviewing the promissory note, the mortgage, and the assignment from MERS to Wells Fargo, the circuit court specifically found that "[Wells Fargo] is entitled to foreclose upon the Property in accordance with the terms and conditions provided in the Loan Documents." ECF No. 13-6 at PageID #125. And on November 13, 2017, the circuit court issued an order confirming a foreclosure sale, and a corresponding writ of ejectment. *See* ECF Nos. 13-8 at PageID #137; 13-9 at PageID #166.

The Detols appealed the order confirming the foreclosure sale. *See* ECF No. 13-9 at PageID #144. In their brief submitted to Hawaii's Intermediate Court of Appeals ("ICA"), the Detols argued, among other points, that (1) Wells Fargo violated RESPA's Regulation X regarding allowing a borrower time to complete a loan modification, and (2) Wells Fargo "failed to meet its prima facie burden of showing that it was in possession of the original Note and entitled to enforce the same at the time the action was filed." *Id.* at PageID #149. On February 8, 2019, the ICA issued a summary disposition order affirming the November 13, 2017 order that confirmed the foreclosure sale. *See* ECF No. 13-10 at PageID #171. Among other rulings, the ICA held that the Detols were precluded from challenging Wells Fargo's standing to foreclose (because they had not appealed the foreclosure judgment, having only appealed from the confirmation of sale and ejectment orders), and that they had waived their RESPA/Regulation X challenges. *See id.* at PageID #170-71 & n.4. Finally, on July 1, 2019, the Hawaii Supreme Court rejected the Detols' application for a writ of certiorari to that Court. *See* ECF No. 13-11.

## B.    Procedural Background in this Court

Plaintiffs filed their original complaint in this court on October 7, 2019. ECF Nos. 1, 20. The original complaint appeared to raise two federal statutes as bases for relief: 28 U.S.C. § 1732 and the Multifamily Foreclosure Act

of 1981, 12 U.S.C. § 3701 et seq.  *Id.*  On October 9, 2019, this court issued an Order to Show Cause why the action should not be dismissed for lack of subject-matter jurisdiction, explaining that neither of those statutes stated a cause of action. *See* ECF No. 4 at PageID #15-18.  Plaintiffs responded to the OSC, ECF No. 5; paid the filing fee, ECF No. 10; and filed the FAC on November 18, 2019, ECF Nos. 9, 21.

Wells Fargo filed its Motion to Dismiss the FAC on January 15, 2020. ECF No. 13.  Plaintiffs filed an Opposition on February 24, 2020.  ECF Nos. 16, 22.  And Wells Fargo filed a Reply on March 18, 2020.  ECF No. 25.  The court finds this matter suitable for decision under Local Rule 7.1(c) without a hearing. ECF No. 26.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 574 U.S. 10, 11

7

(2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

# IV. **DISCUSSION**

Wells Fargo contends that the FAC is barred by res judicata (also sometimes known as "claim preclusion")[7] and the *Rooker-Feldman* doctrine.[8] That is, Wells Fargo claims that the state circuit court's foreclosure proceedings— which are now final, given the Hawaii Supreme Court's denial of certiorari— precludes this subsequent federal action.

Federal courts look to the forum state's law to determine the preclusive effect of a state court judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). To establish claim preclusion under Hawaii law, Wells Fargo has "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided

---

[7] Hawaii law prefers the modern term "claim preclusion" instead of "res judicata." *See Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (Haw. 2004).

[8] "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation marks omitted). Here, however, because the FAC is so clearly barred by res judicata, the court need not reach whether it is also barred by *Rooker-Feldman*.

in the original suit is identical with the one presented in the action in question."

*Bremer*, 104 Haw. at 54, 85 P.3d at 161. Further, under Hawaii law,

> [t]he judgment of a court of competent jurisdiction is a
> bar to a new action in any court between the same parties
> or their privies concerning the same subject matter, and
> precludes the relitigation, not only of the issues which
> were actually litigated in the first action, but also of all
> grounds of claim and defense which might have been
> properly litigated in the first action but were not litigated
> or decided.

*Foytik v. Chandler*, 88 Haw. 307, 314, 966 P.2d 619, 626 (1998) (quoting

*Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 422-23, 539 P.2d 472, 474-75

(1975)). "In Hawaii[,] the doctrine is applied in a robust way." *Albano v. Nw. Fin.*

*Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

Here, all three elements of Hawaii's claim-preclusion test are easily

met. First, the orders in the First Circuit Court's foreclosure action are final,

having been appealed in some form through the State's highest court. The circuit

court specifically found that "[Wells Fargo] is entitled to foreclose upon the

Property in accordance with the terms and conditions provided in the Loan

Documents," ECF No. 13-6 at PageID #125, and the ICA held that the Detols

cannot challenge that finding—it is a final determination. *See* ECF No. 13-10 at

PageID #171; *Mortg. Elec. Registration Sys., Inc. v. Wise*, 130 Haw. 11, 17-18,

304 P.3d 1192, 1198-99 (2013) (holding that, in foreclosure cases, the doctrine of

res judicata precludes foreclosure defendants from raising defenses at the

10

confirmation stage that could have been raised to challenge the entry of a foreclosure judgment).[9]

The second element is also satisfied. It requires the parties to be "the same or in privity with the parties in the original suit." *Bremer*, 104 Haw. at 54, 85 P.3d at 161. Here, the relevant parties—the Detols and Wells Fargo—are the same in this action as in the state court foreclosure action. Although Tom was not a party in the state court action (because he is not a party to the note and mortgage), that also means he lacks standing here to raise claims stemming from the loan or foreclosure itself. *See, e.g.*, *Santiago v. Bismark Mortg. Co., LLC*, 2011 WL 839762, at *4 (D. Haw. Mar. 4, 2011) ("[B]ecause Medeiros was not a party to the loan and was not the subject of Bismark's collection efforts, she lacks standing to assert RESPA, TILA, and FDCPA claims."); *id.* ("It is well-settled that a plaintiff who is not a party to a mortgage loan cannot assert a claim against the lender for asserted violations of RESPA stemming from the loan settlement process.")

---

[9] The determination is final even if the Detols had not appealed the circuit court's ruling regarding Wells Fargo's standing at the first stage (decree of foreclosure) of Hawaii's two-stage foreclosure process. *See, e.g.*, *Wise*, 130 Haw. at 16, 304 P.3d at 1197 (reiterating that "'foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree, and (2) all other orders'" and that "orders confirming sale are separately appealable from the decree of foreclosure, and therefore fall within the second part of the bifurcated proceedings") (quoting *Sec. Pac. Mortg. Corp. v. Miller*, 71 Haw. 65, 70, 783 P.2d 855, 858 (1989)). Indeed, the ICA—relying on *Wise*—specifically held that challenges to Wells Fargo's standing are barred by res judicata (the very question before this court). *See* ECF No. 13-10 at PageID #170-71. In turn, this court must also give that state court determination res judicata effect. *See Migra*, 465 U.S. at 81.

(citations omitted). And so, the court does not consider Tom in the claim-preclusion analysis.

Third, the "claims" are the same. "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 795 P.2d 276, 279 (Haw. 1990). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." *Id.* Moreover, claim preclusion applies to "all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." *Foytik*, 88 Haw. at 314, 966 P.2d 6 at 626. *See also Albano*, 244 F.3d at 1064 (reiterating that "the doctrine applies if the issues 'could have been raised in the earlier state court actions.'") (citations omitted) (applying Hawaii law).

As discussed above, the state court proceedings specifically addressed the questions Plaintiffs raise here in the FAC, i.e, whether Wells Fargo has "shown that it holds the title or note" to the subject property and "has the legal right to take action on said property and the Detol Family." ECF No. 21 at PageID #195 (uppercase emphasis deleted). Further, those state proceedings also included attempts by the Detols to raise certain RESPA/Regulation X issues, which the ICA found to be barred. *See* ECF No. 13-10 at PageID #170.

And, although Plaintiffs explain that "our complaint is that the bank failed to follow federal banking codes, rules and statutes," ECF No. 22 at PageID #197, they could have raised such (unspecified) violations in the state foreclosure proceedings—especially if they would have been defenses that could have precluded foreclosure. *See, e.g.*, *Albano*, 244 F.3d at 1064 ("There can be no doubt whatsoever that the plaintiff's TILA claim could have been litigated in the foreclosure action. It was a defense that would have ineluctably precluded foreclosure if the plaintiff's claims are meritorious.") (brackets omitted); *E. Sav. Bank, FSB v. Esteban*, 129 Haw. 154, 160, 296 P.3d 1062, 1068 (2013) (stating that a TILA rescission claim can be litigated in a "foreclosure action, whether as a counterclaim or as an affirmative defense"); *Bumatay v. Fin. Factors, Ltd.*, 2010 WL 3724231, at *6 (D. Haw. Sept. 16, 2010) (applying res judicata to plaintiffs' new federal claims that challenged validity of state court foreclosure proceedings) (citing *Albano*, 244 F.3d at 1064); *Radford v. U.S. Bank N.A.*, 2011 WL 4054863, at *10 (D. Haw. Sept. 9, 2011) (barring, under res judicata, a variety of claims that addressed the validity of the loan and whether that bank was entitled to foreclose on the mortgage and sell the property, because they could have been brought in the foreclosure action); *Chadwick v. SBMC Mortg.*, 2017 WL 3445645, at *5 (D. Haw. Aug. 10, 2017) ("Plaintiff could have brought this claim in the State Foreclosure

Action as a counterclaim for damages allegedly resulting from [the defendant's] violation of TILA.") (citation and quotation marks omitted).

Because Wells Fargo met its burden as to all three elements of the claim-preclusion test, Plaintiffs' claims are barred in federal court. The issues were already decided in the state foreclosure proceedings, or could have been brought in that action.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the court (1) GRANTS Wells Fargo N.A.'s Motion to Dismiss, ECF No. 13; and (2) approves Plaintiffs' Notice of Dismissal of Defendant Peter Stone, ECF No. 17. Although it appears that any amendment would be futile, the court cannot say so with certainty. As such, the court gives Plaintiffs leave to file a supplemental memorandum, consisting of no more than five pages, describing any amended claims that they believe they could bring that would not be barred by the doctrine of res judicata as applied in this order. That supplemental memorandum must be filed by **April 28, 2020**.

///

///

///

///

Failure to file a supplemental memorandum by April 28, 2020 will result in dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 7, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tom v. Wells Fargo N.A.*, Civ. No. 19-00545 JMS-KJM, Order (1) Granting Defendant Wells Fargo Bank N.A.'s Motion to Dismiss, ECF No. 13; and (2) Approving Plaintiffs' Rule 41(a)(1)(a)(i) Notice to Dismiss Defendant Stone, ECF No. 17